GLD-036                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3310
_____

VERNA THOMAS;
MOSELL J. THOMAS, JR.,
                                                        Appellants

v.

CHASE BANK AND AFFILATES;
DEUTSCHE BANK NATIONAL TRUST COMPANY
as Trustee For J. P. Morgan Mortgage Acquisition
Trust 2007-CH (JPMMAC 2007-CH3)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-03803)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
November 12, 2010

Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: November 23, 2010)
_____

OPINION
_____

PER CURIAM

Verna and Mosell Thomas, husband and wife, sued Chase Bank and Deutsche

Bank National Trust Company ("Deutsche Bank") for over $20,000,000 in damages based on claims that the defendants had defrauded them of $24,000 during a financing transaction involving two properties in Trenton, New Jersey. On May 14, 2010, the District Court dismissed, without prejudice, their amended complaint. On June 18, 2010, the Thomases filed a motion for reconsideration. In their motion, they asked that they be allowed to proceed on their complaint (more specifically, they requested that the Defendants be ordered to file an answer and that they be allowed to try their claims before a jury). Defendant Deutsche Bank opposed the motion as untimely and without merit. In an order dated July 8, 2010, and entered on the docket on July 9, 2010, the District Court denied the motion for reconsideration as untimely filed (and stated that even if it had been timely filed, it was without merit). On July 29, 2010, the Thomases filed a notice of appeal, specifying the order of July 8, 2010.

The parties were advised that the order appealed from may not be reviewable because only final orders of the district courts may be appealed, see Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976) (*per curiam*) (explaining that an order of dismissal must be with prejudice to be final and that an order dismissing with leave to amend is interlocutory unless a plaintiff elects to stand on the complaint). The parties were also advised that the notice of appeal was not filed within the 30 days prescribed by the Federal Rules of Appellate Procedure, as the District Court entered an order dismissing the amended complaint on May 14, 2010, and the notice of appeal was not filed until July 29, 2010.

In response, the Thomases explained that they filed their notice of appeal within 30 days of the ruling on their motion for reconsideration. Deutsche Bank also filed a response, arguing that the appeal should be dismissed for lack of jurisdiction because the notice of appeal was untimely filed as to the order dismissing the amended complaint. Deutsche Bank noted that the motion for reconsideration did not toll the time for appeal, and that the Thomases did not seek an extension of time to file their notice of appeal nor could they succeed in any such effort. Deutsche Bank also stated that any attempt by the Thomases to appeal the order denying the motion for reconsideration would be futile because the motion had been untimely filed. The Thomases then filed a "motion for leave to file an appeal" in the District Court, noting that their complaint is the focus of the case and that they wish to appeal because they have been denied a right to discovery and a trial by jury. The District Court denied their motion.

To the extent that the Thomases seek to challenge the District Court's decision dismissing their amended complaint, we do not have jurisdiction to hear their appeal. The appeal would be an appeal from a final order because, through the statements they made in their motion for reconsideration and in their "motion for leave to file an appeal," they expressed their intent to stand on their complaint. See Borelli, 532 F.2d at 951-52. However, their appeal is untimely. The time limit of Rule 4(a)(1) for commencing an appeal is mandatory and jurisdictional. See Bowles v. Russell, 551 U.S. 205, 209-14 (2007); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). A notice of

3

appeal in a civil case in which the United States is not a party must be filed within 30 days of the entry of the order or judgment being appealed. See Fed. R. App. P. 4(a)(1).

The District Court entered the order dismissing the complaint on May 14, 2010. The Thomases did not file their notice of appeal until more than 30 days later, on July 29, 2010. Although a timely motion for reconsideration can toll the time to file an appeal, see Fed. R. App. P. 4(a)(4), the Thomases' motion for reconsideration effectuated no tolling because it was untimely (as we will explain below). Also, although they sought an extension of time to appeal or a reopening of the time to appeal through their "motion for leave to file an appeal," the District Court denied their motion. In short, their notice of appeal was untimely filed as to the May 14, 2010 order, and we must dismiss their appeal as it relates to that order.

To the extent that the Thomases challenge the District Court's ruling on their motion for reconsideration, we have jurisdiction over the appeal under 28 U.S.C. § 1291. We review the order denying the motion for reconsideration for abuse of discretion. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). Upon review, we will summarily affirm the District Court's order because no substantial question is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

The District Court did not abuse its discretion in denying the motion for reconsideration as untimely. A litigant has 28 days from the entry of the order being challenged in which to file a motion for reconsideration. See Fed. R. Civ. P. 59(e). The District Court issued its order dismissing the case on May 14, 2010. The Thomases did

4

not file their motion for reconsideration until more than 28 days later, on June 18, 2010.

For these reasons, we will dismiss this appeal in part for lack of appellate jurisdiction, and we will affirm the District Court's order of July 8, 2010.